UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID LYMAN, *et al.*,

      Plaintiffs,

                            Case No. 21-10024
                            U.S. DISTRICT COURT JUDGE
                            GERSHWIN A. DRAIN

v.


FORD MOTOR COMPANY,

      Defendant.

_____/


**OPINION AND ORDER DENYING FORD'S MOTION TO SEAL
EXHIBITS TO ITS MOTION FOR SUMMARY JUDGMENT [#225];
DENYING FORD'S MOTION TO SEAL EXHIBITS TO ITS MOTION TO
EXCLUDE THE OPINIONS OF PLAINTIFFS' EXPERT KEVIN W.
CAVES [#226]; DENYING PLAINTIFFS' MOTION TO SEAL PORTIONS
OF AND CERTAIN EXHIBITS TO PLAINTIFFS' RESPONSE IN
OPPOSITION TO FORD'S MOTION FOR SUMMARY JUDGMENT
[#250]; AND DENYING FORD'S MOTION TO SEAL EXHIBITS TO
PLAINTIFFS' OPPOSITION TO FORD'S MOTION FOR SUMMARY
JUDGMENT [#258]**


**I.      INTRODUCTION**

Presently before the Court are the following motions: (1) Defendant Ford

Motor Company's ("Ford") motion to seal exhibits to its motion for summary

judgment [#225]; (2) Ford's motion to seal exhibits to its motion to exclude the opinions of Plaintiffs' expert Dr. Kevin Caves [#226]; (3) Plaintiffs' motion to seal portions of and certain exhibits to Plaintiffs' response in opposition to Ford's motion for summary judgment [#250]; and (4) Ford's motion to seal exhibits to Plaintiffs' opposition to Ford's motion for summary judgment [#258]. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of these motions, and thus they will be decided on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the motions will be denied.

## II.    BACKGROUND

In this putative class action, the Named Plaintiffs bring various state law consumer protection, fraudulent concealment, negligent misrepresentation, and breach of warranty claims against Ford. Plaintiffs purchased or leased Ford F-150 vehicles for model years 2018 through 2020, which are equipped with 5.0L engines ("the Class Vehicles"). Plaintiffs allege that the 5.0L engine's piston ring assembly and cylinder coating are defective, causing the Class Vehicles to consume oil at excessive rates. They further claim that this oil consumption defect is a serious issue for vehicle longevity and safety.

In the course of this litigation, Ford filed a motion to exclude the opinions and testimony of Plaintiffs' damages expert Dr. Kevin Caves. It also moved to seal certain portions of Exhibits A and B to that motion, which Ford contends reference

and discuss Ford's internal vehicle-level income statement for the F-150 in calendar years 2017 to 2021. Exhibit A is Dr. Caves's expert report, and Exhibit B contains excerpts of Dr. Caves's deposition transcript. Ford contends that it has a compelling interest in sealing these exhibits because the income statement contains highly confidential financial information concerning how Ford calculates cost, revenue, and profit at a vehicle level, as well as the actual values and calculations of each such category. According to Ford, it will suffer competitive harm in the marketplace if this information is made public. Plaintiffs did not concur in Ford's motion to seal, yet did not file a response.

Ford concurrently moved for summary judgment, as well as to file Exhibits B, C, F, G, and H to that motion under seal in their entirety. Plaintiffs filed a timely response to Ford's motion for summary judgment. Plaintiffs also moved to seal portions of and certain exhibits to their response, asserting that during a meet and confer, Ford identified the exhibits as needing to be filed under seal. Plaintiffs did so to preserve Ford's contention that these exhibits needed to be sealed, pending Ford's showing that the exhibits satisfy the requirements for sealing. Ford then filed a separate motion to seal Exhibits 1, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 17, 18, 19, 21, 22, 23, 24, 26, 27, 28, 29, 30, 31, 41, 42, 43, 44, 45,46, 47, and 49 to Plaintiffs' response.

Ford's motion to seal the exhibits to its motion for summary judgment, and its

3

motion to seal the exhibits to Plaintiffs' response, assert, largely, the same arguments. Ford contends that it has a compelling interest in sealing these exhibits because they contain trade secrets that, if made public, would cause it to suffer competitive harm in the marketplace. Ford also asserts that its interest in sealing these exhibits outweighs any interest the public might have in accessing them because they are technical and likely incomprehensible to the general public. Plaintiffs oppose sealing these exhibits.

## III.   <u>LEGAL STANDARD</u>

The Sixth Circuit has long recognized a "strong presumption in favor of openness" as to court records. *Shane Grp, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The burden of overcoming that presumption is borne by the party seeking to seal the records. *Id.* That burden is a "heavy one," as "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (citation omitted).

To meet this burden, the movant must show "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x. 635, 637 (6th Cir. 2019). The movant must explain in detail, "on a document-by-document, line-by-line basis," that the information in

4

the record "meets the demanding requirements for a seal." *Shane Grp.*, 825 F.3d at 308. Furthermore, "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Id.* at 305. For instance, "in class actions—where by definition some members of the public are also parties to the case—the standards for denying public access to the record should be applied with particular strictness." *Id.* (cleaned up).

The existence of a trade secret will generally satisfy a movant's burden of demonstrating a compelling interest in sealing documents. *See Kondash*, 767 F. App'x at 638. "To qualify for protection as a trade secret, 'information must (1) derive economic value from the fact that it is not known to others who could make use of it, and (2) be the subject of efforts that are reasonable under the circumstances to maintain its secrecy.'" *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, No. 22-3040, 2024 WL 4581119, at *1 (E.D. Mich. June 17, 2024) (quoting *Mike's Train House, Inc. v. Lionel, LLC*, 472 F.3d 398, 410 (6th Cir. 2006), *abrogated on other grounds by A.K. ex rel. Kocher v. Durham Sch. Servs., LP*, 969 F.3d 625 (6th Cir. 2020)). "The party seeking trade secret protection must identify its trade secrets with a reasonable degree of precision and specificity that is particular enough as to separate the trade secret from matters of general knowledge in the trade or of special knowledge of persons skilled in the trade." *Id.* (citation internal quotation marks omitted).

"[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). Such is the case "even if neither party objects to the motion to seal," as "a court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Id.*

## IV.   <u>ANALYSIS</u>

### A. Ford's Motion to Seal Exhibits to its Motion to Exclude Dr. Caves

Ford moves to seal certain portions of Exhibits A and B to its motion to exclude Dr. Caves's expert opinions. Exhibit A is Dr. Caves's expert report, and Exhibit B contains excerpts of Dr. Caves's deposition transcript. For the reasons that follow, the Court finds that Ford has failed to meet its heavy burden of establishing that sealing these exhibits is appropriate.

First, Ford has not established a compelling interest in sealing the exhibits. According to Ford, the portions of the exhibits it seeks to seal discuss its internal vehicle-level income statement for the F-150 in calendar years 2017 through 2021. Ford contends that the information contained in the income statement amounts to a trade secret because it is "highly confidential and proprietary" and reveals "a detailed methodology as to how Ford calculates cost, revenue and profit at the vehicle level, and contains the actual values and calculations of each such category."

ECF No. 226, PageID.9087. If such information is made public, Ford argues, it will suffer competitive harm in the marketplace, as the information "could assist Ford's competitors in undercutting Ford's profit margin, and potentially its market share, by adopting Ford's methodology for calculating vehicle cost, revenue and profit without investing the time and effort to develop the methodology themselves." *Id.*

The Court is unpersuaded. Without assessing whether Ford's methodology for calculating cost, revenue, and profit amounts to a trade secret, the exhibits themselves do not appear to disclose the proprietary methodology Ford describes. Rather, they appear to merely reference certain gross revenue and profit figures purportedly derived from the income statement, which Dr. Caves analyzed in the course of providing his expert opinions. Dr. Caves's deposition transcript, for example, identifies Ford's gross revenue and profit figures but does not reveal how those figures were calculated. Similarly, although Ford has not presented the Court with an unredacted copy of Dr. Caves's expert report, the redactions appear to encompass only financial figures and mathematical summaries derived from the income statement, not information detailing Ford's allegedly proprietary methodology.

Moreover, the Sixth Circuit has recognized that "the 'bald assertion' that disclosure of information would harm a party's 'competitive position'" is not a sufficient reason to seal. *Grae v. Corrs. Corp. of Am.*, 134 F.4th 927, 932 (6th Cir.

7

2025) (citation omitted). If a court were to hold otherwise, every company could claim that disclosure of internal financial information might provide some advantage to competitors, thereby undercutting the presumption in favor of openness and public access to court records. Here, Ford generally asserts that competitors *could* undercut its profit margins and market share, without explaining *how* the specific financial figures contained in the challenged portions of Exhibits A and B would enable a competitor to do so. For these reasons, Ford has failed to establish a compelling interest in sealing these exhibits.

Second, Ford has not shown that its interest in sealing the exhibits outweighs the public's interest in accessing them. Ford asserts, without elaboration, that sealing the exhibits would "have negligible impact on any interest the general public otherwise might have in accessing the records." ECF No. 226, PageID.9089. Such a conclusory assertion, however, does not satisfy Ford's burden of showing that its interest outweighs that of the public. Indeed, it is axiomatic that "'[t]he public is entitled to assess for itself the merits of judicial decisions,' and, thus, 'the public has an interest in ascertaining what evidence and records the District Court has relied upon in reaching its decisions.'" *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 377 F. Supp. 3d 779, 784 (E.D. Mich. 2019) (quoting *Brown & Williamson*, 710 F.2d at 1181) (cleaned up). This is especially true in class actions, where some members of the public are also parties to the case and thus have an interest in

accessing court records that might impact their claims. Accordingly, the Court finds that the public interest outweighs any interest Ford might have in sealing the exhibits.

Finally, the Court finds Ford's request to be narrowly tailored, as it seeks to redact only the portions of the exhibits containing information derived from the income statement. Nevertheless, because Ford has failed to establish a compelling interest in sealing these records and that any such interest outweighs the public's interest in accessing them, denial of this motion to seal is appropriate.

### B. Ford's Motion to Seal Exhibits to its Motion for Summary Judgment, Ford's Motion to Seal Exhibits to Plaintiffs' Response to Motion for Summary Judgment, and Plaintiffs' Motion to Seal

Ford seeks to seal certain exhibits attached to its motion for summary judgment (Exhibits B, C, F, G, and H), as well as certain exhibits attached to Plaintiffs' response to that motion (Exhibits 1, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 17, 18, 19, 21, 22, 23, 24, 26, 27, 28, 29, 30, 31, 41, 42, 43, 44, 45, 46, 47, and 49). It seeks to seal these exhibits in their entirety. Ford's arguments in support of both motions are largely the same. Accordingly, the Court will analyze the motions together. For the reasons that follow, the Court finds that Ford has failed to meet its heavy burden of establishing that sealing these exhibits is appropriate.

First, Ford has not established a compelling interest in sealing the exhibits. Ford contends that the exhibits contain trade secrets, as they "reveal the highly

proprietary thought processes and problem-solving processes of Ford's engineers, as well as their testing methodologies and strategies for product improvement and design changes." ECF No. 225, PageID.9060; ECF No. 258, PageID.12236. This generalized description, however, does not identify with a reasonable degree of precision and specificity any information that constitutes a trade secret. For instance, Ford does not identify the "processes" and "testing methodologies and strategies" that purportedly constitute trade secrets. Nor does Ford explain how the information derives economic value from its secrecy.

Ford also argues that public disclosure of the exhibits will harm its competitive standing in the marketplace because they "detail Ford's engineering considerations concerning potential vehicle system root causes and corrective actions, and would assist Ford's competitors attempting to develop similar methodologies and solutions to improve their own problem solving processes without investing the substantial resources invested by Ford over numerous years." ECF No. 225, PageID.9060; ECF No. 258, PageID.12239-40. As discussed above, however, generalized claims of competitive harm are not enough to justify sealing court records.

Furthermore, Ford contends that it has a compelling interest in sealing Exhibit C, which contains steadystate radiometric oil consumption test data performed by one of Ford's third-party piston suppliers, Mahle Engine Components, Inc. Ford

argues that it is obligated to keep information and documents received from this vendor confidential, and that public disclosure of this exhibit would harm its ability "to maintain strong relationships with its existing and future business partners." ECF No. 225, PageID.9061. Ford is essentially arguing that the disclosure of information designated confidential by one of its vendors would harm its reputation in the marketplace. But "[s]imply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." *Brown & Williamson*, 710 F.2d at 1179. Accordingly, Ford has failed to demonstrate a compelling interest in sealing the exhibits.

Second, Ford has not demonstrated that its interest in sealing outweighs the public's interest in accessing the exhibits. Ford appears to suggest that the public's interest in accessing these exhibits is minimal because "many" of the exhibits "are highly technical in nature," and thus "would be difficult to understand and of no practical significance to the general public." ECF No. 225, PageID.9063; ECF No. 258, PageID.12242. The Court is unpersuaded. The standard looks to the public's interest in being able to access the information, not whether the public can readily decipher it. As discussed above, the public has a strong interest in accessing court records, and that concern is particularly important in class action cases. Here, the public's interest in accessing the exhibits strongly outweighs any interest Ford has

11

in sealing them.

Finally, Ford's request is not narrowly tailored. It seeks to seal the exhibits in their entirety without undertaking the document-by-document, line-by-line analysis required to prove that sealing is appropriate. Indeed, the Court finds it noteworthy that Ford has publicly filed portions of some of the exhibits it now seeks to have sealed, demonstrating that at least some of the information contained in the exhibits can be disclosed without compromising any purported trade secret interest. [1] Accordingly, Ford has failed to demonstrate that its request to seal is narrowly tailored.

For these reasons, denial of Ford's motions to seal the exhibits to its motion for summary judgment and the exhibits to Plaintiffs' response to the summary judgment motion is appropriate. Given that Ford's motion to seal the exhibits to Plaintiffs' response resolves the issues raised in Plaintiffs' motion to seal, the Court will deny that motion as well.

## V.     __CONCLUSION__

Based on the foregoing, Ford's motion to seal exhibits to its motion for summary judgment [#225] is DENIED; Ford's motion to seal exhibits to its motion

---

[1] For example, compare Exhibit 1 (ECF No. 252-2, PageID.11618) with ECF No. 231-1, PageID.10492; Exhibit 14 (ECF No. 252-12, PageID.11693) with ECF No. 231-1, PageID.10475; and Exhibit 17 (ECF No. 252-14, PageID.11753) with ECF No. 231-1, PageID.10468.

to exclude Dr. Caves's opinions [#226] is DENIED; Plaintiffs' motion to seal

portions of and certain exhibits to Plaintiffs' response in opposition to Ford's motion

for summary judgment [#250] is DENIED; and Defendants' motion to seal exhibits

to Plaintiffs' opposition to Ford's motion for summary judgment [#258] is DENIED.

SO ORDERED.

Dated: July 22, 2026                                      /s/Gershwin A. Drain
                                                         GERSHWIN A. DRAIN
                                                         United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July
22, 2026, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager

13